# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7148 | **DATE** | 1/14/2004 |
| **CASE TITLE** | Hermenejildo Munoz vs. Village of Blue Island, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. For all those reasons, and because it is desirable to avoid a patchwork responsive pleading, the Answer is stricken in its entirety. As stated at the outset, leave is granted to Officers to file a self-contained Amended Answer conforming to what has been set out here, in this Court's chambers on or before January 27, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 15 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 5 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/14/2004 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HERMENEJILDO MUNOZ,                )
                                    )
             Plaintiff,             )
                                    )
       v.                           )   No. 03 C 7148
                                    )
VILLAGE OF BLUE ISLAND, et al.,     )
                                    )
             Defendants.            )

DOCKETED
JAN 1 5 2004

MEMORANDUM ORDER

Three police officers with the Village of Blue Island--Jamie Schultz, Frank Podbielniak, and Craig Kincaid (collectively "Officers")--have filed their Answer, including affirmative defendants ("ADs"), to the Complaint brought against them and the Village itself by Hermenejildo Munoz ("Munoz"). This memorandum order is issued sua sponte because a number of problems require the striking of that responsive pleading (but with leave being granted, of course, to cure those problems by the prompt filing of an Amended Answer).

To begin with, Answer ¶¶1, 2, 6 and 7 impermissibly seek to deny the corresponding allegations of Munoz' Complaint on the premise that what Munoz has alleged "constitute legal conclusions." That is of course dead wrong, for the Supreme Court itself has made it plain that the use of legal conclusions is totally appropriate in the federal system of notice pleading--see App. ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Accordingly Answer ¶¶1, 2, 6 and 7 are stricken so that Officers' counsel can instead submit

appropriately responsive answers to Munoz' allegations.

Next, Officers (through their counsel) simply and flatly deny just about all of the other Complaint allegations as well. Such denials are of course entirely proper where they can be advanced in the objective good faith required of every party and every lawyer under Fed. R. Civ. P. ("Rule") 11, but that usage seems questionable in a number of respects here. For example, do Officers really deny that they were "acting under color of state law" (Answer ¶9) when they became involved with Munoz on October 11, 2001?[1] And there are a number of other Complaint allegations as to which the propriety of outright denials would seem doubtful (see, e.g., Complaint ¶¶11-14). No findings by this Court are either made or implied here, but when Officers' counsel returns to the drawing board he must exercise more care in determining exactly which allegations may fairly be denied as such.

Finally, none of the ADs conforms to the standards of Rule 8(c) and the caselaw applying that rule--see App. ¶5 to State Farm. In that respect:

> 1. AD 1 directly contradicts (rather than accepting) the allegations of the Complaint, and qualified immunity simply does not enter the picture where (as here) it will

---

[1] This Court does not of course accept Munoz' version of events in asking that question. It is rather that Officers acknowledge that some occurrence took place involving them and Munoz on that date (see, e.g., Answer ¶25), and it is difficult to believe that the officers are asserting that they were not "state actors" in the sense made relevant by 42 U.S.C. §1983 and related statutes.

2

have to be determined as a factual matter whether excessive force was applied to Munoz.

2. AD 2 is likewise improper, because it is at odds with (a) Complaint ¶35's assertion that probable cause was lacking and (b) Count III's allegations of trumped-up charges against Munoz.

3. AD 3 is directly at cross-purposes with Munoz' allegations in Count III, so it too is impermissible.

For all those reasons, and because it is desirable to avoid a patchwork responsive pleading, the Answer is stricken in its entirety. As stated at the outset, leave is granted to Officers to file a self-contained Amended Answer conforming to what has been set out here, with an original and one copy of the Answer to be filed in this Court's chambers on or before January 27, 2004 (and with a copy to be served contemporaneously on Munoz' counsel).

Finally, no charge is to be made to Officers by their counsel for the added work and expense incurred in correcting counsel's errors. Officers' counsel are ordered to apprise his clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: January 14, 2004